## AFFIDAVIT

I, Jason Donnelly, having been duly sworn, do hereby depose and state as follows:

1. I am a Special Agent with the United States Social Security Administration, Office of the Inspector General, Office of Investigations ("OI/OIG/SSA"), Boston, Massachusetts Field Office and have been so employed since February 2001. My duties include the conduct of criminal investigations involving criminal violations of Title 18 and Title 42 of the United States Code. Prior to my employment with OI/OIG/SSA, I was employed for approximately three years as an Inspector with the Immigration and Naturalization Service in Boston, MA. I am a graduate of the Criminal Investigator Training Program, the Inspector General Investigator Training Program, and the Immigration Officer Basic Training Course taught at the Federal Law Enforcement Training Center in Glynco, GA.

2. I am aware, based on my training and experience, that Title 18, United States Code, Section 641 makes it a criminal offense for anyone to steal money or anything of value belonging to the United States government. Having so stated, I make this affidavit in support of complaint charging an individual named Lana SOUZA ("SOUZA") with theft of government property in violation of 18 U.S.C. § 641.

3. The information set forth in this affidavit is based on my personal knowledge, information provided to me by other law

enforcement agencies, and my review of relevant SSA records.

4. The Office of Investigations is the law enforcement component within the Office of the Inspector General for SSA. The Office of Investigations conducts and coordinates criminal investigations related to SSA programs, operations, and its employees.

5. SSA is an agency within the executive branch of the United States Government responsible for administering retirement, disability, survivor, and Supplemental Security Income benefits programs for eligible beneficiaries. Among other benefits available to eligible participants, individuals with one or more of a number of disabilities may collect benefits under SSA's Title II disability insurance benefits program. Generally, however, individuals are not eligible for such benefits if they are able to perform, and actually obtain gainful employment.

6. My review of SSA records and documents revealed that in or around March 1991, SOUZA filed and signed an application for Disability Insurance Benefits at the Norwood, Massachusetts SSA District Office. As part of the Application for Disability Insurance Benefits filed by SOUZA, SOUZA agreed to notify SSA if she returned to work.

7. As a result of the application filed by SOUZA in 1991, SSA began paying monthly cash benefits to SOUZA retroactively to March 1990 under the Title II Disability Insurance Program. SOUZA received SSA benefits from approximately March 1990 until

March of 2002 in the monthly amount of $669.00 in 1990 with increases to about $1,104.00 at the time her benefits were suspended in 2002.

8. In or about March 2002, SSA received information that SOUZA was working at Legal Services for the Cape and Islands ("Legal Services"), located at 18 Main Street Extension, in Plymouth, MA.

9. On August 19, 2002, I and Assistant Special Agent-in-Charge Jeff Paula of OI/OIG/SSA interviewed SOUZA at the Legal Services office in Plymouth, MA. SOUZA admitted that she returned to work in October 1998 at the Law Office of Attorney Michael Curtis in Plymouth, MA and then went to work at Legal Services in 1999. SOUZA advised that she had been employed at Legal Services continuously since 1999. SOUZA stated that she did not inform SSA that she was working because she feared that the new job would be difficult and that she might lose her SSA benefits and then lose her job. SOUZA stated that she was working about 35 hours per week and earned a gross income of approximately $1,200.00 every two weeks.

9. Based upon SOUZA's concealment of her gainful employment, SSA has determined that between October of 1998 and March of 2002 when her benefits were suspended, SOUZA obtained $34,318.50 in Title II disability benefits to which she was not entitled.

11. Based on the foregoing, I believe probable cause exists to conclude that on or about October 1, 1998 through March 2002, Lana SOUZA, within the District of Massachusetts, did knowingly convert and steal U.S. Government Property or Funds by fraudulently receiving approximately $34,318.50 in Social Security benefits, in violation of 18 U.S.C. § 641.

---
JASON DONNELLY
U.S. Social Security Admin.
Office of the Insp. General
Office of Investigations

Subscribed and sworn to before me this 17th day of October, 2003.

---
JUDITH GAIL DEIN
United States Magistrate Judge