UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 03mj1137-JGD |
| | ) | |
| LANA SOUZA | ) | |
| | ) | |

<u>Defendant's Motion to Seal Financial Affidavit</u>

Defendant Lana Souza respectfully moves to seal the financial affidavit submitted in support of her application for appointed counsel. Defendant submitted the affidavit yesterday, and made an oral motion to seal it.

The affidavit, CJA 23, was submitted to aid the Court in determining whether her "net financial resources and income are insufficient to enable h[er] to obtain qualified counsel." VII Admin. Office of U.S. Courts, Guide to Judiciary Policies and Procedures ["A.O. Guide"], § 2.04 (2001). The form requires comprehensive personal information, including employment income of a defendant and of any spouse; all other income, cash, and property; identification of a defendant's dependents; and all obligations, debts, and monthly bills.

This court has the power to seal the affidavit:

> Upon request, or upon the court's own motion, documents pertaining to activities under the CJA and related statutes maintained in the clerk's open files, which are generally available to the public, may be judicially placed under seal or otherwise safeguarded until after all judicial proceedings, including appeals, in the case are completed and for such time thereafter as the court deems appropriate.

VII A.O. Guide § 5.01(A). Sealing is appropriate where disclosure "could reasonably be expected to unduly intrude upon the privacy of attorneys or defendants." <u>Id</u>.

Court files of non-indigent persons contain no similar trove of personal information. Where a person has the means of hiring private counsel, she is not required to submit to a court a statement of financial and personal information that may be of interest to an inquisitive investigator, reporter, data compilation service, or internet browser.

In <u>United States v. Connolly (In re Boston Herald, Inc.)</u>, 321 F.3d 174 (1st Cir. 2003), the Boston Herald sought access to sealed documents submitted by John Connolly to secure appointed counsel. The documents included an original and an amended version of Connolly's CJA Form 23. A third document, submitted in response to a question from the magistrate judge, summarized Connolly's outstanding legal fees from the date of his indictment to the date when appointment was sought. The documents had been ordered sealed by the magistrate judge who concluded that "it was appropriate to seal the documents at issue here, because disclosure would 'unduly intrude' on the privacy of Connolly and his family." <u>Id</u>. at 179-80. The First Circuit, affirming the decision to seal, noted:

> Personal financial information, such as one's income or bank account balance, is universally presumed to be private, not public. [cite omitted]. The magistrate judge sensibly concluded that Connolly's strong interest in the privacy of his and his family's personal financial information outweighs any common law presumption in these circumstances.

<u>Id</u>. at 190. The court also stated that the invasiveness of the disclosure sought was "further intensified because the information pertains not only to Connolly, but also to his wife and children. See [<u>United States v.</u>] <u>Amodeo II</u>, 71 F.3d [1044,] 1050 [(2d Cir. 1995)] (giving increased weight to privacy interests of "innocent third parties")." <u>Id</u>. at 191. The court ruled:

> we hold that neither the First Amendment nor the common law provides a right of access to financial documents submitted with an initial application to demonstrate a defendant's eligibility for CJA assistance.

Id. The court rejected the claim of access by the Boston Herald.

While Connolly was a high-profile defendant, and defendant hardly so, the concern for privacy is no less. For the reasons set forth in United States v. Connolly, defendant requests that this Court seal the affidavit submitted in support of her request for appointed counsel.

> LANA SOUZA
> By his attorney,
>
> /s/ Charles P. McGinty
> Charles P. McGinty
> B.B.O. #333480
> Federal Defender Office
> 408 Atlantic Avenue, 3rd Floor
> Boston, MA  02110
> Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I, Charles P. McGinty, hereby certify that a true copy of the above document was served upon Assistant United States Attorney Donald Cabell by delivery on March 24, 2004.

/s/ Charles P. McGinty
Charles P. McGinty