FEDERAL DEFENDER OFFICE
DISTRICT OF MASSACHUSETTS
408 ATLANTIC AVENUE, 3RD FLOOR
BOSTON, MASSACHUSETTS 02110

WILLIAM W. FICK
TELEPHONE: 617-223-8061
FAX: 617-223-8080
WILLIAM_FICK@FD.ORG

February 25, 2007

**By E-Mail PDF**
Hon. Joyce London Alexander
U.S. District Court
One Courthouse Way
Boston, MA 02210

    RE:    *Memorandum of Law in Support of Proposition that the Government Is Not Entitled to an Automatic 3-Day Continuance When it Seeks Detention Upon Arrest for Revocation of Probation or Supervised Release (ordered by the Court in Connection with U.S. v. Lana Souza, 04-10125-NG)*

Dear Judge Alexander:

    On Thursday, February 22, 2007 the Court ordered undesigned counsel to submit a memorandum of law in support of the proposition that the government is not entitled to an automatic 3-day continuance when it seeks detention upon arrest for revocation of probation or supervised release. Because the Court already has ruled on detention issue in the instant case, and because I do not have an appearance in the case (I was covering for attorney McGinty), I am filing the memorandum in the form of this letter, cc'd to AUSA McNeil.

\* \* \*

    In brief, the "automatic" continuance of up to three days at the request of the government is a creature of the rule and statute governing detention upon arrest in connection with new criminal charges. It is absent from the statute and rule governing detention upon arrest in connection with revocation of probation or supervised release.

    Fed. R. Crim. P. 5 governs initial appearance upon arrest in connection with new criminal charges. It provides that, in felony cases, the "judge must detain or release the defendant as provided by statute or these rules." The relevant statutory provision is 18 U.S.C. § 3142, which governs "[r]elease or detention of a defendant pending trial." It provides, in relevant part:

> The [detention] hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of such person may not exceed five days . . . and a continuance on motion

FEDERAL DEFENDER OFFICE
Hon. Joyce London Alexander
February 25, 2007
Page 2 of 2

>    of the attorney for the Government may not exceed three days . . . .

18 U.S.C.A. § 3142(f)(2)(B).

>    This provision for a continuance of up to three days at the request of the government is not applicable in revocation proceedings. Fed. R. Crim. P. 32.1 governs initial appearance upon arrest in connection with a violation of probation or supervised release. *See* Fed. R. Crim. P. 5(a)(2)(B) (noting among "exceptions" to Rule 5, that "if a defendant is arrested for violating probation or supervised release, Rule 32.1 applies."). Rule 32.1 provides, in relevant part:

>    > The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a) pending further proceedings. The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the person.

Fed. R. Crim. P. 32.1(a)(6). The referenced statute, 18 U.S.C. § 3143(a), governing "release or detention pending sentence," provides:

>    the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) [personal recognizance] or (c) [specified conditions]. If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1).

                              Respectfully,

                              /s/ William W. Fick

cc:    AUSA John McNeil, Esq. (by PDF)
        Charles P. McGinty, Esq.